IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
: CASE NO. 5-14-bk-05792 RNO
ANTHONY R. POPPLE, :
: CHAPTER 11
Debtor :
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
:
ANTHONY R. POPPLE, :
:
Plaintiff :
:
v. :
:
ELLIOTT GREENLEAF & :
SIEDZIKOWSKI, P.C., :
:
Defendant : ADVERSARY NO. 5-15-ap-00050 RNO

# **OPINION**[1]

The individual Chapter 11 Debtor filed an adversary proceeding against his former law firm. He alleges that the automatic stay was violated when the law firm sought discovery, post petition, from non-debtor, co-defendants in a pending state court action. The Defendant/law firm filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. For the reasons stated below, I will grant the Motion to Dismiss the Complaint, but allow the Plaintiff/Debtor twenty-one days to file an amended conforming complaint.

**I.     Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

---

[1]     Drafted with the assistance of William J. Schumacher, Esquire, Law Clerk.

## II. Facts and Procedural History

Anthony R. Popple ("Debtor") filed an individual Chapter 11 petition on December 17, 2014. The required schedules and statements have been filed, but no Chapter 11 plan has been filed as of this date. Based upon the scheduled liabilities, I find that the Debtor is not a "small business debtor" as defined in 11 U.S.C. § 101(51D)[2].

This adversary proceeding was commenced by an original Complaint filed on March 31, 2015. The Debtor alleges that his former law firm, Elliott Greenleaf & Siedzikowski, P.C. ("Elliott Greenleaf") violated the automatic stay entitling him to an award of damages. The Complaint contains a total of twenty-one numbered paragraphs and includes four exhibits. On April 14, 2015, Elliott Greenleaf filed a Motion to Dismiss the Complaint averring that it failed to state a claim upon which relief can be granted. Briefs have been submitted in support of and in opposition to the Motion to Dismiss and oral argument was heard on June 11, 2015.

## III. Discussion

### A. Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can Be Granted

The Motion to Dismiss the Complaint alleges that the Debtor has failed to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) allows the defense of failure to state a claim upon which relief can be granted to be raised by motion. Rule 12(b)(6) is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. In considering the subject Motion to Dismiss, I must determine, viewing the facts in a light most favorable to the Debtor, whether he has alleged a plausible claim for relief.

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

2

*Bell Atlantic Corp., et al. v. Twombly*, 127 S.Ct. 1955, 1966 (2007).

It is important to remember that only the alleged facts are viewed in a light most favorable to the Debtor. Legal conclusions are not assumed to be correct at the motion to dismiss stage. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In *Iqbal*, Justice Kennedy wrote:

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S.Ct. at 1950.

The United States Court of Appeals for the Third Circuit summarized the above points:

> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). *Also see*, *Tri-Valley Corporation, et al. v. DMJ Gas-Marketing Consultants, LLC*, 2015 WL 110074, *2 (Bankr. D.Del., Jan. 7, 2015); *In re Griffith*, 2014 WL 4385743, *3 (Bankr. M.D.Pa., Sept. 4, 2014).

When a motion to dismiss is filed, I consider the complaint as well as attached exhibits and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, *1 (D.Del., Jan. 30, 2015). Further, at the motion to dismiss stage, I may consider an undisputably authentic document the defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are

3

based on the document. *Pension Ben. Guar. Corp.*, 998 F.2d at 1196. *Also see*, *Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008).

The Federal Rules of Evidence apply to proceedings before United States bankruptcy judges. Fed. R. Evid. 1101(a). *In re Barnes*, 266 B.R. 397, 403 (8th Cir. B.A.P. 2001). Federal Rule of Evidence 201 allows a federal court to take judicial notice of facts that are not subject to reasonable dispute. For example, a bankruptcy court may take judicial notice of the docket events in a case and the contents of the bankruptcy schedules to determine the timing and status of case events, as well as other facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, *12, n.19 (Bankr. E.D.Pa., Jan. 11, 1991). I will take judicial notice of the dockets in the Debtor's underlying Chapter 11 case and in this adversary proceeding. I also take judicial notice of the contents of the bankruptcy schedules and statements which are not in dispute.

Next, I will address the substance of the Motion to Dismiss the subject Complaint.

**B.      The Gravamen of the Complaint**

The Debtor's Complaint alleges that Elliott Greenleaf, his former law firm, violated the automatic stay. Specifically, it is alleged that, prior to his Chapter 11 filing, Elliott Greenleaf commenced an action in the Court of Common Pleas of Montgomery County ("Montgomery County Action"). Attached as Exhibit A to the Complaint is a docket sheet for the Montgomery County Action. It shows that the state court action was commenced on April 21, 2014, approximately eight months before the Debtor's Chapter 11 filing. The Montgomery County Action names ten defendants, one of whom is the Debtor.

The Complaint describes the Montgomery County Action as a claim against all of the

4

defendants for pre-petition services provided by Elliott Greenleaf. Complaint for Violation of the Automatic Stay, ¶ 4-6, March 31, 2015, ECF No. 1.

The gravamen of the Complaint is contained in paragraph seven which states:

> Despite the Debtor, Anthony R. Popple, having filed for relief under Chapter 11 EGS [Elliott Greenleaf] as Plaintiff in the Montgomery County action continues to press for discovery and depositions of other parties seeking to obtain information which would be used in prosecuting the claim against all the Defendants, including the Debtor.

Complaint for Violation of the Automatic Stay, ¶ 7, March 31, 2015, ECF No. 1.

### C. The Automatic Stay

The automatic stay goes into effect when a bankruptcy petition is filed. It provides a breathing spell to a debtor and protects creditors against one creditor unilaterally acting to the detriment of others. *In re Vitale*, 469 B.R. 595, 597 (Bankr. W.D.Pa. 2012); *In re Porter*, 371 B.R. 739, 746 (Bankr. E.D.Pa. 2007).

Section 362(a)(1) of the Bankruptcy Code stays the commencement or continuance of actions against a debtor that were, or could have been, commenced pre-petition to recover on a pre-petition claim against a debtor. The automatic stay has been described as "one of the fundamental debtor protections provided by the bankruptcy laws." *In re Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d 631, 637 (3d Cir. 1998); *In re Miller*, 501 B.R. 266, 277 (Bankr. E.D.Pa. 2013).

The Third Circuit has held:

> The scope of the automatic stay is broad and covers all proceedings against a debtor, including arbitration. Because the automatic stay serves the interests of both debtors and creditors, it may not be waived and its scope may not be limited by a debtor.

5

*Acands, Inc. v. Travelers Cas. and Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) (internal citations omitted).

When there is a willful violation of the automatic stay, an individual plaintiff can recover damages for the violation of the automatic stay. 11 U.S.C. § 362(k). It is a willful violation of the automatic stay, when a creditor violates the stay with knowledge that the bankruptcy petition has been filed. *In re Lansdale Family Restaurants, Inc.*, 977 F.2d 826, 829 (3d Cir. 1992); *In re Nixon*, 419 B.R. 281, 288 (Bankr. E.D.Pa. 2009).

When a willful stay violation is shown, actual damages and attorneys fees can be awarded. Further, in appropriate circumstances, punitive damages may be awarded. *Solfanelli v. Corestates Bank, N.A.*, 203 F.3d 197, 203 (3d Cir. 2000); *In re Iskric*, 496 B.R. 355, 365 (Bankr. M.D.Pa. 2013).

D. **Discovery Requests and the Automatic Stay**

I recognize the importance of the automatic stay to the bankruptcy process and a reorganization effort such as the Debtor has undertaken. However, while the automatic stay is broad, it is not limitless.

First, for judicial proceedings to be stayed, the action must be against the *debtor*. All the proceedings in a single case should not be lumped together for purposes of automatic stay analysis. Within a single judicial proceeding, some actions may be stayed, others not. *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991); *In re Gronczewski*, 444 B.R. 526, 530 (Bankr. E.D.Pa. 2011) (the only co-debtor automatic stay is for consumer claims in Chapter 13 cases); *Matter of Safeguard Mfg. Co.*, 25 B.R. 415, 417 (Bankr. D.Conn. 1982) (Section 362 stay by its literal language and legislative history applies only to actions

6

against debtors and cannot be applied to claims against non-debtor defendants).

Bankruptcy Judge Walrath in the District of Delaware has written:

> In general, only the debtor is afforded the protections of the automatic stay under section 362; conversely, third-parties do not receive the protection of the automatic stay. "As a consequence, it is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor." quoting *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509-510 (3d Cir. 1997).

*In re Uni-Marts, LLC*, 399 B.R. 400, 415 (Bankr. D.Del. 2009) (internal citations omitted).

Here, the Debtor alleges that unspecified discovery requests from Elliott Greenleaf in the Montgomery County Action addressed to non-debtor, co-defendants violated the automatic stay. Pennsylvania case law suggests that discovery is liberally allowed with respect to any non-privileged matter which is relevant to the cause being tried. *PECO Energy Co. v. Insurance Co. of North America*, 852 A.2d 1230, 1233 (Pa.Super. 2004); *George v. Schirra*, 814 A.2d 202, 204 (Pa.Super. 2002). Similarly, the Federal Rules of Civil Procedure allow for liberal discovery. *Gillen v. Nissan Motor Corp. in USA*, 156 F.R.D. 120, 121 (E.D.Pa. 1994); *In re Reading Tube Corp.*, 73 B.R. 99, 100 (Bankr. E.D.Pa. 1987) (for discovery purposes, relevance is broadly and liberally construed).

On a general note, I am concerned that recognizing an alleged stay violation here could have a chilling effect on the liberal discovery process provided in state and federal courts. Again, speaking generally, I draw a distinction between seeking information about a debtor versus seeking to recover a claim against a debtor.

At this stage, I need only decide whether the Debtor has stated a plausible claim against Elliott Greenleaf under § 362(k). There is nothing within the four corners of the Complaint or

7

the four attached exhibits from which I can find that a plausible claim has been stated. I have noted that Exhibit A to the Complaint is a copy of the docket in the Montgomery County Action. Exhibit B is a copy of a motion filed by Elliott Greenleaf in the Montgomery County Action seeking to impose sanctions against the Debtor's non-filing spouse, Nancy Popple ("Sanctions Motion"). The Sanctions Motion alleges that Nancy Popple, a co-defendant, violated a prior discovery order in the Montgomery County Action. However, none of the underlying discovery requests are part of the record in this adversary proceeding.

Other bankruptcy courts have recognized that the automatic stay does not bar all inquiry – even of the debtor himself. *In re Alem*, 2013 WL 4840486, *2 (Bankr. D.D.C., Sept. 11, 2013) (the automatic stay does not bar discovery from a debtor in his capacity as a nonparty witness). *Cf. In re Irwin*, 457 B.R. 413, 425, n.26 (Bankr. E.D.Pa. 2011).

Bankruptcy Judge Perkins has written:

> [I]t is now generally accepted that discovery pertaining to claims against the bankrupt's codefendants is not stayed, even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor.

*In re Richard B. Vance and Co.*, 289 B.R. 692, 697 (Bankr. C.D.Ill. 2003).

The Debtor's Complaint alleges, in conclusory fashion, that the discovery sought by Elliott Greenleaf in the Montgomery County Action seeks ". . . documents and depositions in discovery which would be used against the Debtor without having obtained relief from the stay . . . ." Complaint for Violation of the Automatic Stay, ¶ 11, March 31, 2015, ECF No. 1. Legal conclusions in a complaint can serve as the underlying structure for the stated claims. Those legal conclusions must be draped with well-pled facts which will provide color and context to the conclusions. A cohesive combination of conclusions and facts can bridge the

8

chasm between a claim which is merely possible and one that is plausible – as 7012(b)(6) requires. Here, the discovery requests which allegedly violate the automatic stay are not even summarized in the Complaint, much less attached as exhibits.

I understand that at this stage, I must view the alleged facts in the light most favorable to the Debtor. However, it is not for the Court to try to imagine the breadth or the narrowness of the discovery sought by Elliott Greenleaf. Nor should I speculate as to its relevance or irrelevance as to the pursuit of a claim against the Debtor – who does enjoy the protection of the automatic stay. I merely conclude that the Debtor has failed to state a plausible claim for relief against Elliott Greenleaf under § 362(k).

### E. Section 105 of the Bankruptcy Code and Injunctive Relief

The Debtor raised a new argument in his Brief and at oral argument. He argues the Court should use its powers under § 105 of the Bankruptcy Code to enjoin Elliott Greenleaf from proceeding against any of the co-defendants in the Montgomery County Action.

I recognize that some courts have used § 105 to enjoin pending actions against non-debtor parties – finding that allowing the actions to continue might imperil a large reorganization case. *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986); *In re American Film Technologies, Inc.*, 175 B.R. 847 (Bankr. D.Del. 1994).

I conclude that the Debtor's argument for injunctive relief cannot be considered at this time. A request for injunctive relief must be brought in an adversary proceeding. Fed. R. Bankr. P. 7001(7); *In re Hart*, 2015 WL 1014415, *12 (Bankr. E.D.Pa., Mar. 4, 2015).

The instant Complaint does not make any request for injunctive relief. Nor, does the Complaint allege immediate and irreparable harm to the Debtor. Preliminary injunctive relief

9

requires showing: (1) likelihood of success on the merits; (2) irreparable harm to the movant if injunctive relief is denied; (3) the grant of preliminary relief will not result in greater harm to non-movant; and (4) the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *In re W.R. Grace & Co.*, 412 B.R. 657, 665 (D.Del. 2009).

My judicial philosophy is to decide matters fairly raised by the parties. A complaint should always fairly apprise a defendant of the nature of the matter which must be defended. *In re Global Link Telecom Corp.*, 327 B.R. 711, 718 (Bankr. D.Del. 2005). This is particularly true where injunctive or other equitable relief is requested. I believe that the highest form of due process should be afforded when injunctive relief is requested. This is because the entry of injunctive relief prohibits a defendant from doing what he could lawfully do before injunctive relief issued. For example, selling one's product, which was previously lawful, subjects the enjoined defendant to potential contempt of court sanctions for continuing the same sales. *Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126, 129 (2nd Cir. 1979).

The Debtor may decide to properly make a request for injunctive relief. If his argument was intended as a request for the Court to sua sponte impose injunctive relief, such request is denied.

## IV. Conclusion

A Judgment will be entered granting the Motion to Dismiss for failure to state a claim upon which relief can be granted. I will allow the Debtor twenty-one days leave to file an amended conforming complaint. I trust that the Debtor and his counsel will consider the above findings and conclusions before filing an amended complaint.

By the Court,

*Robert N. Opel, II*

Date: June 19, 2015

Robert N. Opel, II, Bankruptcy Judge

(BI)